FILED

JUN 20 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 16-132 |
| ) | |
| ABIGALE LEE MILLER ) | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

The United States Attorney has filed an Information against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Structuring International Monetary Instrument Transactions On or about August 7, 2014 | 31 U.S.C. §§ 5324(c)(1) and 5316(a)(1)(B) |

### II. ELEMENTS OF THE OFFENSE

A.  As to Count 1:

In order for the crime of Structuring International Monetary Instrument Transactions, in violation of Title 31 U.S.C. §§ 5324(c)(1) and 5316(a)(1)(B), to be established, the government must prove each of the following elements beyond a reasonable doubt:

1. First, that the defendant did knowingly transport or was about to transport more than $10,000.00 from a place outside the United States into the United States;

2. Second, that the defendant had knowledge of the reporting requirements; and

3. Third, that the defendant intended to evade the currency reporting requirements.

Authority: <u>United States v. Israel Del Toro-Barboza</u>, 673 F.3d 136 (9th Cir. 2012)

### III.  **PENALTIES**

A. As to Count 1: Structuring International Monetary Instrument Transactions (31 U.S.C. §§ 5324(c)(1) and 5316(a)(1)(B)):

1. <u>Individuals</u> - The maximum penalties for individuals are:

(a) imprisonment of not more than 5 years (Title 18 U.S.C. § 5324(c));

(b) a fine not more than the greater of;

(1) $250,000, Title 18 U.S.C. §3623(a)(3)

<u>or</u>

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would

2

unduly complicate or prolong the sentencing process. Title 18 U.S.C. §3623(c)(1).

    (c) a term of supervised release of not more than three years. Title 18 U.S.C. §3583.

    (d) Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at count one upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable.

### VI. FORFEITURE

As set forth in the Information.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: _____
GREGORY C. MELUCCI
Assistant U.S. Attorney
PA ID No. 56777