IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal No. 15-212 |
|  | ) | Criminal No. 16-132 |
| Abigale Lee Miller, | ) | |
| Defendant | ) | |

**TENTATIVE FINDINGS AND RULINGS
CONCERNING THE APPLICABLE ADVISORY GUIDELINE RANGE**

CONTI, Chief District Judge.

On June 27, 2016, defendant Abigale Lee Miller ("defendant") pleaded guilty to Count 5 of the Indictment at criminal action number 15-212, namely concealment of bankruptcy assets beginning in and around January, 2013, and continuing thereafter until in and around October, 2013, in violation of 18 U.S.C. § 152(1), and to Count 1 of the Information at criminal action number 16-132, namely structuring international monetary instrument transactions on or about August 7, 2014, in violation of 31 U.S.C. §§ 5324(c)(1) and 5316(a)(1)(B).

On December 16, 2016, the Probation Office filed a Final Presentence Investigation Report ("PIR") and an addendum to the PIR on January 6, 2017. Pursuant to Local Rule 32C.4, counsel for defendant and for the government each

1

had an opportunity to submit objections to the PIR prepared by the Probation Office. The government had no objections.

Defendant raised objections to certain factual statements in paragraphs 22, 25-30, 32, 35, 48, and 49 of the PIR. The court will address those objections at the time of sentencing, i.e., hear evidence from the government and defendant on the record at the time of sentencing.

Defendant also raised objections to the loss determination of the bankruptcy charge in paragraphs 42-44, 55, 57, 111 and 117. The government has the burden to prove sentencing factors by a preponderance of the evidence. United States v. Grier, 475 F.3d 556, 586 (3d Cir. 2007); U.S.S.G. § 6A1.3 cmt. Defendant argues that the intended loss of $356,466.52, which represents the total liabilities listed in her bankruptcy petition as reported in the PIR, is erroneous. Defendant argues that the Sentencing Guidelines do not require a loss calculation greater than zero. The court preliminarily agrees that the PIR does not support the government's position.

The Third Circuit Court of Appeals resolved certain issues regarding loss calculation and bankruptcy fraud in United States v. Free, 839 F.3d 308 (3d Cir. 2016), and United States v. Feldman, 338 F.3d 212 (3d Cir. 2003). In Feldman, the defendant filed a bankruptcy petition in which he vastly understated the amount of property he owned. Feldman, 338 F.3d at 214. The defendant contested the loss

determination and argued that his crime had no effect on the amount of money his creditors ultimately received. The Court of Appeals for the Third Circuit held that a district court must look at "what [defendant] sought to gain from committing the crime" when calculating bankruptcy loss. Id. at 223. The court further explained that "it is appropriate for the District Court to consider the reason why most people would conceal assets" and that it is "simply unbelievable" that a faster discharge was the defendant's only motivation to hide over a million dollars in assets. Id.

In Free, the defendant filed for bankruptcy even though he had more than sufficient assets to pay his debts. Free, 839 F.3d at 309. The Court of Appeals for the Third Circuit looked to the application notes in U.S.S.G. § 2B1.1, which "focus extensively on *pecuniary harm*, explicitly stating that the proper way to punish a defendant who causes *non-pecuniary* but otherwise serious harm is to impose an upward departure." Id. at 320-21.

> This guidance implies that the gravamen of any loss calculation is concrete, monetary harm to a real-world victim. In other words, while it may indeed be appropriate to punish a bankruptcy fraudster more severely when that person conceals assets of greater value, the Guidelines seem to indicate that, in the absence of any pecuniary harm to a victim, the mechanism for realizing that goal is an upward departure rather than a more severe loss calculation in the first instance.

Id. at 321. The court emphasized that they "did not say in Feldman that the concealment of large quantities of assets always proves a fraudster's intent to

3

short-change his creditors." Id. at 322. The court held that a district court must make a factual finding "to determine what, if any, loss to creditors [defendant] intended, or the gain he sought by committing the crime." Id. at 324.

Defendant argues that, unlike the facts in Feldman, she is not alleged to have concealed assets at the time she filed for bankruptcy protection, and she paid all her creditors in full. Defendant argues that she steadfastly demonstrated her intent to pay her creditors to the full extent of their claims. She claims she filed for Chapter 11 reorganization protection to provide her the opportunity to restructure her debts to maximize the potential recovery to her creditors. Furthermore, she claims her first Plan of Reorganization filed in February 2012 reveals that she planned on repaying all her creditors the amounts claimed to be owed.

In Feldman, the Court of Appeals for the Third Circuit rejected the bright-line rule that "[i]ntended loss includes the value of assets concealed from creditors and the bankruptcy court." Feldman, 338 F.3d at 222. In the PIR, defendant's total liabilities listed in her bankruptcy petition were used as the loss determination calculation. Defendant argues that Free requires an analysis into the amount sought to be gained by the debtor. Defendant is correct, and the court will analyze the amount sought to be gained by defendant after hearing evidence from the government and defendant on the record at the time of sentencing.

4

Defendant argues that the bulk of her debts relate to mortgages on her dance studio in Pennsylvania and her home in Florida, each of which was in default at the time of her filing. Therefore, each listing of liabilities contains amounts attributable to interest, penalties, late fees and the like. Section 2B1.1, Application Note 3(D)(i) explicitly excludes those categories.

> (D) **Exclusions from Loss.**—Loss shall not include the following:
>
>> (i) Interest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs.

U.S.S.G. § 2B1.1, Application Note 3(D)(i). The court will hear evidence from the government and defendant on the record at the time of sentencing to determine what amounts may be excluded.

Defendant objects to the enhancement under U.S.S.G. § 2S1.3(b)(1)(B), which applies when the offense involved bulk cash smuggling. According the PIR, on August 7, 2014, defendant broke up cash proceeds from Australian events in sums below $10,000 and had other individuals bring those monies into the United States. The government estimates the scheme involved more than $120,000. PIR ¶ 49. It appears that defendant did smuggle bulk cash while committing the offense. Although the government is not pursuing specific offense characteristics under U.S.S.G. § 2S1.3(b)(1), the court preliminary would find the enhancement is

appropriate. This enhancement will be included in the offense level computation.

Defendant objects to the enhancement under U.S.S.G. § 2S1.3(b)(2)(B), which applies when the offense is committed as part of a pattern of unlawful activity involving more than $100,000 in a 12-month period. The court has no information about this enhancement other than it is believed defendant brought cash into the United States during other international trips. PIR ¶ 55. The court will hear evidence from the government and defendant on the record at the time of sentencing to determine if the enhancement is applicable. Therefore, the enhancement will not be included in the tentative offense level computation.

Defendant objects to the enhancement under U.S.S.G. § 3B1.4, namely that she used a minor to commit a crime. An upward departure may be warranted if the defendant used more than one person less than eighteen years of age to commit the crime. U.S.S.G. § 3B1.4, Application Note 3. According to the PIR, defendant used minor children (her students) to carry proceeds from the Australian events into the country and failed to report this money as required. PIR ¶ 49. Defense counsel disputed that defendant used minor children to transport money during the Administrative Resolution in this case, but information from the government is contrary to defendant's claim. Id. ¶ 50. Therefore, it appears that this enhancement is applicable and will be included in the tentative offense level computation.

In light of the United States Supreme Court's holding in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in § 3553(a) that the court must consider is "the kinds of sentence and the sentencing range established" under the United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>Booker</u>, 543 U.S. at 264. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense. At the time of sentencing, the court will impose defendant's sentence in consideration of all the factors set forth in § 3553(a).

With respect to defendant's advisory Guidelines range, the court tentatively finds as follows:

**<u>Loss Analysis</u>**

1.  The Third Circuit Court of Appeals holding in <u>United States v. Free</u>, 839 F.3d 308 (3d Cir. 2016), has been used in determining the loss figure that should be used in the immediate matter. Until confronted by the Bankruptcy Court,

defendant had proposed a plan to pay her debts in full over a six-year period. Once confronted, and after the deposit into the debtor in possession account of $288,137.57, defendant was ordered immediately to pay her debts. Unsecured creditors were paid in full. This, however, left the two secured loans that were successfully renegotiated at lower interest rates resulting in a loss of $148,798 (loan on her Florida home) in interest to Chase Bank and $97,321 (loan on her Penn Hills dance studio) in interest to PNC Bank for a total loss of interest to the two banks of $246,119. This "loss" cannot, however, be considered pursuant to U.S.S.G. § 2B1.1, Application Note 3(D) (interest is excluded from "loss").

    2.    Defendant's original bankruptcy petition listed a total of $356,466.52 in liabilities. The PIR reflected that the Amended Plan of Reorganization provided a six-year repayment schedule. See PIR ¶¶ 30-32. Loss under the Sentencing Guidelines is the greater of the actual loss caused by defendant's illegal actions or the amount of loss defendant intended to cause. See U.S.S.G. § 2B1.1, and Application Note 3, United States v. Feldman, 338 F.3d 212, 215 (3d Cir. 2003). It is anticipated that both parties will argue differing loss amounts. In light of interest being excluded for the loss calculation, it appears the amount of intended loss is zero.

**Offense Level Computation**

3. The 2016 Guidelines Manual, incorporating all guideline amendments, was used to determine defendant's offense level. U.S.S.G. § 1B1.11.

4. Count 5 in criminal action no. 15-212 and Count 1 in criminal action no. 16-132 are grouped, pursuant to U.S.S.G. § 3D1.2(d), because the offense level is determined largely upon the total amount of harm or loss, or the total amount of substance involved, and the offense behavior is ongoing or continuous in nature. According to U.S.S.G. § 3D1.2 Application Note 6, when counts are grouped pursuant to U.S.S.G. § 3D1.2(d), and when the counts are covered by different guidelines, the guideline that produces the higher offense level is to be used.

5. The controlling guideline for Count 5 in criminal action no. 15-212 is U.S.S.G. § 2B1.1. Pursuant to § 2B1.1(a)(2), the base offense level at Count 5 is 6. As noted above, the loss in this matter is zero (this amount may change after hearing evidence and argument from the parties). There is no increase based upon "loss," pursuant to U.S.S.G. § 2B1.1(b)(1). The offense level is increased by 2 levels, pursuant to U.S.S.G. § 2B1.1(b)(9)(B), given defendant's criminal acts committed during a bankruptcy proceeding. The offense level is, therefore, 8. However, U.S.S.G. § 2B1.1(b)(9)(B) also advises that if the resulting offense level

is less than 10, increase to 10. Thus, under U.S.S.G. § 2B1.1, the offense level is 10.

  6. The controlling guideline for Count 1 in criminal action no. 16-132 is U.S.S.G. § 2S1.3. Pursuant to U.S.S.G. § 2S1.3(a)(2), the base offense level is 6 plus the number of offense levels from the table in U.S.S.G. § 2B1.1. There is no increase in the offense level, because information was not included in the PIR about how much money was involved. Evidence will be required for the court to determine what amount was involved. U.S.S.G. § 2B1.1(b)(1)(A). Although the government will not pursue enhancement under U.S.S.G. § 2S1.3(b)(1), it appears that an enhancement under U.S.S.G. § 2S1.3(b)(1)(B) is appropriate; therefore, there is a 2-level increase. The government has stated that it will also make an argument for an increase under U.S.S.G. § 2S1.3(b)(2), which requires at least two separate occasions of unlawful activity over the course of 12 months. Information to that effect has not yet been presented (other than it is believed that defendant also brought cash into the United States during other international trips) and will require evidence. A 2-level enhancement under U.S.S.G. § 3B1.4, "Using a Minor to Commit a Crime" is also appropriate in that the PIR reflects that minors were used in the offense of bringing cash into the United States from Australia. Thus, the adjusted offense level at Count 1 is 10.

7. The guideline offense levels for each count are the same. For ease of reference, the controlling guideline in these cases will be U.S.S.G. § 2B1.1 because criminal action no. 15-212 was first in time; therefore, it will be used in the guideline calculation below. It is noted that the controlling guideline could change dependent upon the court's determination of loss at Count 5 in criminal action no. 15-212 and determination of the amount of foreign currency transported into the United States at Count 1 in criminal action no. 16-132. Defense counsel also intends on disputing the amount of monies brought into the United States from Australia charged in the Information.

8. As reflected in the explanation above, the guideline for violations of 18 U.S.C. § 152(1) is U.S.S.G. § 2B1.1, which calls for a base offense level of 6. U.S.S.G. § 2B1.1(a)(1).

9. The offense level is not increased because the intended loss in this case appears to be zero. U.S.S.G. § 2B1.1(b)(1)(A).

10. The offense level is increased by 2 levels because the crime involved misrepresentations or fraudulent actions during the course of bankruptcy proceedings. U.S.S.G. § 2B1.1(b)(9)(B). However, that subsection advises that if the resulting offense level is less than 10, increase to 10. The adjusted offense level

is, therefore, 10.

11. The offense level is decreased by 2 levels because defendant demonstrated acceptance of responsibility for the offense. U.S.S.G. § 3E1.1(a). The adjusted offense level is, therefore, 8.

12. The offense level will not be decreased by 1 level because the tentative offense level is not 16 or greater, even though defendant assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. U.S.S.G. § 3E1.1(b).

13. Defendant's total offense level is 8.

**Criminal History**

14. Defendant's criminal history score is 0.

15. According to the Sentencing Table at U.S.S.G. Chapter 5, Part A, a criminal history score of 0 establishes a criminal category of I.

**Imprisonment**

16. With respect to Count 5 in criminal action no. 15-212, the statutory maximum term of imprisonment is 5 years, pursuant to 18 U.S.C. § 152(1).

17. With respect to Count 1 in criminal action no. 16-132, the statutory maximum term of imprisonment is 5 years. 31 U.S.C. § 5324(c)(1).

18. Based upon a total offense level of 8 and a criminal history category of I, the guideline range for imprisonment is 0 to 6 months.

**Supervised Release**

19. With respect to Count 5 in criminal action no. 15-212 and Count 1 in criminal action no. 16-132, the applicable statutory term of supervised release is not more than 3 years at each count. 18 U.S.C. § 3583(b)(2).

20. Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

21. With respect to Count 5 in criminal action no. 15-212 and Count 1 in criminal action no. 16-132, since the offenses are both Class D felonies, the guideline range for a term of supervised release is 1 to 3 years, pursuant to U.S.S.G. § 5D1.2(a)(2).

**Probation**

22. With respect to Count 5 in criminal action no. 15-212 and Count 1 in criminal action no. 16-132, defendant is statutorily eligible for not less than 1 nor more than 5 years' probation at each count because the offenses are Class D felonies. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

23. Multiple terms of probation shall run concurrently. 18 U.S.C. § 3564(b).

24. Defendant is eligible under the guidelines for probation since the applicable guideline range is in Zone A of the Sentencing Table. U.S.S.G. § 5B1.1, comment, n.1(A).

**Fines**

25. With respect to Count 5 in criminal action no. 15-212 and Count 1 in criminal action no. 16-132, the maximum statutory fine at each count is $250,000, pursuant to 18 U.S.C. § 3571(b).

26. The guideline fine range in this case is $1,000 to $10,000. U.S.S.G. §§ 5E1.2(c)(3) and (h)(1).

27. A special assessment of $100 is mandatory as to each count, for a total of $200, pursuant to 18 U.S.C. § 3013.

**Restitution**

28. Restitution is not applicable in either of the cases.

**Forfeiture**

29. At Count 1 in criminal action no. 15-132, defendant will forfeit to the United States all property subject to forfeiture under 31 U.S.C. § 5317(c), and the money judgment will be determined by the court.

30. Forfeiture is imposed upon a convicted defendant as provided by statute, pursuant to U.S.S.G. § 5E1.4.

Date: January 19, 2017                                   BY THE COURT:

                                              /s/ *Joy Flowers Conti*
                                              Joy Flowers Conti
                                              Chief United States District Judge